UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORGE RAMON GUADALUPE RIVERA LOPEZ,<br>    Petitioner,<br>v.<br>JANET NIERI VILLAREAL, AKA JANET PATCHETT,<br>    Respondent. | Case No. 2:11-cv-02001-LDG (PAL)<br><br>**ORDER** |

The petitioner, Jorge Ramon Guadalupe Rivera Lopez, has filed a verified petition pursuant to the Convention on the Civil Aspects of International Child Abduction (the Hague Convention) and the International Child Abduction Remedies Act (ICARA), 42 U.S.C. 11601 *et seq.* (#1). The respondent, Janet Nieri Villareal, aka Janet Patchett, moves to dismiss or stay this action (#11). Petitioner has filed a reply.

Background[1]

Jorge and Janet married in Mexico in April 2003. A son was born to the couple in November 2003. Jorge and Janet divorced, in Mexico, in August 2009. Janet was

---

[1] The Court has endeavored to recite only those facts acknowledged by both parties in their respective papers.

awarded physical custody of their son.  Jorge was granted the right to visit and spend time with their son on any day of the week.  Jorge could take their son outside the city only with the prior written consent of Janet.  Janet was required only to inform Jorge when she intended to take their son outside of the city, informing him of the city, address, and specific time that would be spent outside of the city.  Until late-December 2009, Jorge, Janet, and their son continued to reside in Mexico.

In December, Jorge consented to Janet traveling with their son to the United States. Janet and their son entered the United States on December 26, 2009.  By January 15, 2010, Janet informed Jorge that she would not be returning to Mexico.

Jorge alleges that he did not consent to their son remaining in the United States after January 15, 2010.  On December 15, 2011, Jorge filed the present petition pursuant to the Hague Convention and the International Child Abduction Remedies Act, seeking the return of their son to Mexico.

Motion to Dismiss

Though captioned as a motion to dismiss, Janet's response to Jorge's petition raises only a single argument–consent or acquiescence under Article 13–that rests solely upon the allegations of the petition.  She argues that, pursuant to those allegations, Jorge cannot obtain the relief requested as a matter of law.  Specifically, Janet points to Jorge's admission that in December 2009 he consented to her travel to the United States with their son and his concession that he was aware in January 2010 that she would not be returning to Mexico.  She further notes that Jorge did not file the present petition until December 2011.  Janet argues that Jorge consented to their son's travel to the United States.  She further argues that Jorge's knowledge that Janet would not be returning to Mexico with their son, and his lack of action in attempting to obtain the return of their son establishes that he acquiesced to Janet's retention of their son in the United States.

1    The Court disagrees that Jorge alleged facts establishing that he consented and acquiesced to Janet's retention of their son in the United States. Without doubt, Jorge alleged facts indicating that he consented to Janet traveling to the United States with their son. Absent from the petition, however, is any allegation suggesting that Jorge's consent was for Janet to travel to and remain in the United States, and indefinitely retain their son in the United States. Rather, Jorge alleges in the petition that Janet indicated that the purpose of the travel was for Janet to visit her sister, and that Janet intended to return to Mexico with their son by January 7, 2010. Jorge did not allege that he consented to Janet retaining their son in the United States after January 15, 2010.

    Further, Jorge's admission that he knew Janet was retaining their son in the United States in January 2010, and his filing of the petition in December 2011, does not establish as a matter of law that he acquiesced in Janet's retention of their son in the United States after January 2010. Janet does not direct the Court's attention to any authority suggesting that a delay of 23 months between obtaining knowledge of the wrongful retention and the filing of a Hague petition establishes, as a matter of law, acquiescence in the wrongful retention. This is particularly true where, as here, Jorge has alleged that subsequent to Janet's wrongful retention of their son he has sought the assistance of the Central Authority of Mexico, the Mexican Courts, the United States State Department, and local law enforcement officials in Las Vegas in obtaining the return of their son to Mexico. Accordingly, as Jorge has not alleged facts establishing, as a matter of law, that he either consented or acquiesced to Janet's retention of their son in the United States after January 15, 2010, the Court will not dismiss Jorge's petition.

    As the Court will not dismiss Jorge's petition, the Court will hold an evidentiary hearing. Jorge will have the burden of establishing, with evidence, each element of his petition not disputed by Janet in her motion to dismiss. A review of the motion to dismiss indicates that Janet has not disputed that their son is under 16 years of age, and she has

not disputed that Mexico was the habitual residence of their son at the time of Janet's retention of their son in the United States. Conversely, Janet has disputed whether Jorge had rights of custody over their son under the laws of Mexico, and whether he actually exercised those rights of custody at the time of Janet's retention of their son in the United States.

### Arguments on the Merits of Janet's Defenses

The remainder of Janet's arguments, though raised in a motion to dismiss, actually assert defenses that she may assert in response to a Hague petition.

Janet argues, and Jorge does not dispute, that he filed the present petition more than one year after Janet informed him that she would be retaining their son with her in the United States. Pursuant to Article 12 of the Hague Convention, when proceedings are commenced more than one year after the wrongful removal, a child is to be ordered returned "unless it is demonstrated that the child is now settled in its new environment." As Janet acknowledges, her burden of proof is "substantial evidence of the child's significant connections" to the new environment. Public Notice 957, 51 Fed. Reg. 10494, 10509 (March 26, 1986). The Ninth Circuit has indicated the following factors are to be considered in making this determination: (1) the child's age, (2) the stability and duration of the child's residence in the new environment, (3) whether the child attends school consistently, (4) whether the child has friends or relatives in the new environment, (5) whether the child participates in community or extracurricular school activities, (6) and the respondent's employment and financial stability. *Mendoza v. Miranda*, 559 F.3d 999, 1009 (9th Cir. 2009). Further, of these, the factor that is ordinarily the most important is the length and stability of the child's residence in the new environment.

The parties proffer various arguments, and some evidence, regarding whether or not their son is now settled in the new environment. Nevertheless, as the Court will be holding an evidentiary hearing, and as the issue is of sufficient significance and weight, the Court

4

will not decide the issue solely on the arguments and evidence submitted in Jorge's petition, Janet's motion and Jorge's response. The Court would note, however, that the burden rests on Janet to show, by substantial evidence, that their son is now settled in the new environment.

Janet further argues, pursuant to Article 13, that Jorge neither had nor was actually exercising custody rights over their son at the time she informed Jorge she was retaining their son in the United States. While Janet has established, and Jorge has conceded, that she was awarded physical custody of their son in the divorce, she has provided scant authority for the proposition that, under Mexican law, an award of physical custody to one parent establishes that the other parent is stripped of all custody rights. By contrast, Jorge has offered some authority that under Mexican law he retained some custody rights. Further, Jorge has alleged, and Janet has not disputed, that she and their son continued to reside in the home of Jorge after the divorce until her departure to the United States in December 2009. Jorge has argued, in his response, that the residence of their son in his home is sufficient to establish that he exercised his custody rights over their son (despite the award of physical custody to Janet). As noted, the Court will hold an evidentiary hearing, at which it will be Jorge's burden to present evidence that he had rights of custody and actually exercised those rights at the time of Janet's retention of their son in the United States (or would have been actually exercising those rights but for Janet's retention of their son).

Janet also argues, pursuant to Article 13 of the Hague Convention, that the return of their son to Mexico would expose their son to a grave risk of physical or psychological harm or otherwise place their son in an intolerable situation.[2] Once again, the Court will not

---

[2] Janet has also argued that it is not in the best interest of their son to take him from his current home and send him to his father's home in Mexico. Under the Hague Convention, such determinations remain within the jurisdiction of the courts of the child's country of habitual residence at the time of the removal or wrongful retention. Pursuant to

decide this issue solely on the evidence and arguments submitted in Janet's motion and Jorge's response, but will take further evidence and hear further arguments at the evidentiary hearing. The Court would note that the burden rests upon Janet to provide evidence that their son will be exposed to a grave risk of physical or psychological harm if returned to Mexico.

Finally, Janet argues that their son should not be returned to Mexico because, pursuant to Article 20 of the Hague Convention, such return would not be permitted by the fundamental principles of the United States relating to the protection of human rights and fundamental freedoms in Mexico. She argues that the Court should take judicial notice of the corruption of the Mexican government, such that she would be deprived of due process in Mexico. The Court will not take such judicial notice. As the Court will be holding a hearing at which Janet may present evidence in support of her defenses, the Court will permit her to also present evidence as to this issue. Nevertheless, the Court would note that it will be Janet's burden to establish not only the fundamental principals of the United States relating to the protection of human rights and fundamental freedoms, but to further establish with evidence that these fundamental principals (and their alleged violation by Mexico) preclude a return of the child to Mexico.

Finally, Janet argues that the Court should abstain or stay this matter, and remand the case to state court for a modification of custody. This matter was not removed from state court. The petitioner and the respondent are not presently involved in any state custody proceedings. Accordingly, the argument is without merit.

Therefore, for good cause shown,

---

the Hague Convention, this court will consider only whether the return of the child to Mexico will expose the child to a grave risk of physical or psychological harm, or (because the petition was filed more than a year after the wrongful retention) whether the child is settled in the new environment.

6

THE COURT **ORDERS** that Respondent's Motion to Dismiss or Stay this Action (#11) is DENIED;

THE COURT FURTHER **ORDERS** that this matter is set for an evidentiary hearing before the undersigned, commencing at 9:00 a.m., on Thursday, February 16, 2012, in Courtroom 6B, of the Lloyd D. George Courthouse.

THE COURT FURTHER **ORDERS** that both parties may, if they so choose, submit supplemental briefs setting forth relevant additional authority, not later than 8:00 a.m., Wednesday, February 15, 2012.

DATED this __10__ day of February, 2012.

_____
Lloyd D. George
United States District Judge